IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAMERON ROBINSON, #50037-177, § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | CIVIL NO. 3:19-cv-01634-K <br> (CRIMINAL NO. 3:15-cr-191-K-2) |

## MEMORANDUM OPINION AND ORDER

Movant Kameron Robinson ("Robinson") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As detailed herein, the motion to vacate sentence is summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDING ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

I.

On April 12, 2018, Robinson pled guilty to interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a) and § 2, and using and carrying a firearm during a crime of violence, predicated on the underlying substantive Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. Crim. Doc. 119; Crim. Doc. 127. On August 29, 2018, Robinson was sentenced to a total term of 144 months' imprisonment—60 months for the Hobbs Act robbery and a

consecutive 84 months for using and carrying a firearm—and a concurrent three-year term of supervised release. Crim. Doc. 169. Robinson did not appeal, but he timely filed this Section 2255 motion asserting (1) his Section 924(c) conviction is invalid under *United States v. Davis*, — U.S. —, 139 S. Ct. 2319 (2019), which recently found the residual clause of § 924(c)(3)(B) unconstitutionally vague, and (2) counsel rendered ineffective assistance in failing to object to the Section 924(c) charge. Doc. 1 at 4-5; Doc. 3. However, because substantive Hobbs Act robbery qualifies as a crime of violence under the elements clause of Section 924(c), the Court concludes Robinson is not entitled to relief on his claims.

II.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness" and that any such deficiency was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

III.

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." *See* 18 U.S.C. § 924(c)(1). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court recently held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. And in *United States v. Reece*, — F.3d —, 2019 WL 4252238, *3-4 (5th Cir. 2019), the United States Court of Appeals for the Fifth Circuit subsequently found that *Davis* is retroactively applicable to cases on collateral review. But Robinson's Section 924(c) convictions are predicated upon *substantive* Hobbs Act robberies—<u>not</u> *conspiracy* to commit Hobbs Act robbery—which the Fifth Circuit previously found qualify as crimes of violence under Section 924(c)(3)(A)'s elements clause. *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("[B]inding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a [crime

III.

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." *See* 18 U.S.C. § 924(c)(1). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court recently held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. And in *United States v. Reece*, — F.3d —, 2019 WL 4252238, *3-4 (5th Cir. 2019), the United States Court of Appeals for the Fifth Circuit subsequently found that *Davis* is retroactively applicable to cases on collateral review. But Robinson's Section 924(c) convictions are predicated upon *substantive* Hobbs Act robberies—<u>not</u> *conspiracy* to commit Hobbs Act robbery—which the Fifth Circuit previously found qualify as crimes of violence under Section 924(c)(3)(A)'s elements clause. *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("[B]inding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a [crime

III.

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." *See* 18 U.S.C. § 924(c)(1). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court recently held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. And in *United States v. Reece*, — F.3d —, 2019 WL 4252238, *3-4 (5th Cir. 2019), the United States Court of Appeals for the Fifth Circuit subsequently found that *Davis* is retroactively applicable to cases on collateral review. But Robinson's Section 924(c) convictions are predicated upon *substantive* Hobbs Act robberies—<u>not</u> *conspiracy* to commit Hobbs Act robbery—which the Fifth Circuit previously found qualify as crimes of violence under Section 924(c)(3)(A)'s elements clause. *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("[B]inding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a [crime

of violence] predicate under 18 U.S.C. § 924(c)(3)(A)" (citing *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017))); *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018) (per curiam), *aff'd in part and vacated in part*, 139 S. Ct. 2319 (2019) ("Whatever arguments may be made for opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence . . . are foreclosed to us in light of *Buck*.").

As such, there is no merit to Robinson's challenge to his Section 924(c) conviction premised on substantive Hobbs Act robbery. Likewise any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to make a futile objection to his Section 924(c) conviction. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (per curiam) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and quoted case omitted)). Consequently, Robin's claim of ineffective assistance of counsel likewise fails on the merits.

## IV.

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDING.

Defendant's motion to order the Government to Show Cause is **DENIED as moot**.  Doc. 4.

SO ORDERED.

Signed October 9th, 2019.

_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE